MEMORANDUM OF DECISION
MANFREDI, Judge.
The court apologizes to the parties in this matter for its late decision. However, the decision had been dictated shortly after the hearing in this matter and the tape on which it was located was apparently *380 defective and set aside. In any event, the Court has reviewed the matter and determines that the Motion for Bifurcation should be denied.
Under Connecticut law as the issue for bifurcation of trial proceedings “lies solely within the discretion of the trial court.” Barry v. Quality Steel Products, Inc. 263 Conn. 424, 449, 820 A.2d 258 (2003)
The Court may bifurcate issues of liability and damages based upon the concepts of convenience, negation of prejudice, and judicial efficiency.
However, it is this Court’s experience that trials of personal injury matters are traditionally not bifurcated and that the issues of liability and damages are so often intertwined that they have traditionally and consistently been tried together. A Plaintiffs right to present his case at one time and in one forum should not lightly be tampered with, and it is this Court’s opinion that the decision to bifurcate should only be exercised when the issues of convenience, prejudice, or judicial efficiency clearly outweigh the Plaintiffs interest in putting forth his or her case in a single proceeding.
To approach the issue of bifurcation in any other manner would always mitigate in favor of bifurcation since it is always more convenient and efficient to try one aspect of the case at a time with fewer witnesses and less demand of judicial time.
Therefore, this court declines to bifurcate the issues of liability and damages in this case since there has been no showing that the Defendant’s interest in bifurcation clearly outweighs the Plaintiffs interest in proceeding in one forum at one time.